IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV04-583-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| REBECCA A. WILLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether its allegations are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). Plaintiff also filed a Motion to Proceed *in Forma Pauperis* (Docket No. 1) with his Complaint.

Having carefully reviewed the record, the Court has determined that the Complaint fails to state cognizable constitutional claims. Accordingly, the Complaint is subject to dismissal without prejudice. Based on the dismissal of the Complaint, the Court deems the request for indigent filing status to be moot.

**ORDER  1**

I.

BACKGROUND

Plaintiff is currently incarcerated in the Ada County Jail.  He is suing Mel Arnold, a detective at the Ada County Sheriff's Department.  Plaintiff alleges that he asked Detective Arnold to prosecute Rebecca Wills, a former employee of Ada County, for "sexual battery/contact with [him]" while he was an inmate at the Ada County Jail.  Plaintiff previously sued Ms. Wills in case number CV02-51-S-MHW.  A Stipulation for Dismissal and Judgment were entered in that case on March 13, 2003.  The alleged claims arising out of the incident involving Ms. Wills occurred over three years ago.

Plaintiff filed his Complaint under 42 U.S.C. § 1983, the civil rights act.  He alleges that Detective Arnold's failure to initiate a prosecution against Ms. Wills violated his rights under the Eighth, Eleventh, and Fourteenth Amendments.

II.

REVIEW OF COMPLAINT

The Court is required to review prisoner complaints, and it must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

**ORDER  2**

§ 1915(e)(2)(B).

To state a claim under § 1983, a plaintiff must allege four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court is unaware of a constitutional claim that would arise from the alleged failure of the Ada County Detective to initiate a prosecution against a former employee. It is apparent that Plaintiff requested an internal investigation of Ms. Will's alleged conduct while he was an inmate, and she was terminated from her employment with Ada County. Plaintiff's direct constitutional claim against Ms. Wills was dismissed in March of 2003.

Even if Plaintiff could allege a set of facts in support of a constitutional claim, the events occurred over three years ago. The statute of limitations period for filing a civil rights suit in Idaho is two years. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985), superseded by statute for legislation passed after December 1, 1990, *see, e.g., Grace v. Thomason Nissan*, 76 F. Supp. 2d 1083 (D. Or. 1999); I.C. § 5-219 (setting forth the personal injury statute of limitations). Accordingly, the time has run within which to file a civil rights lawsuit arising out of the events involving Ms. Wills. The statute of limitations is a proper basis for summary

**ORDER 3**

dismissal under § 1915(d).  *See Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).

Based on the foregoing, the Court will dismiss Plaintiff's Complaint without prejudice.  Plaintiff's request for *in forma pauperis* filing status is now moot.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is subject to dismissal without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed *in Forma Pauperis* (Docket No. 1) is MOOT.

DATED:  **May 5, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER**  4